**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J.A.,<br><br>Petitioner,<br><br>v.<br><br>ANGELA HOOVER, *et al.*,<br><br>Respondents. | No. 4:26-CV-02862<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION

**OCTOBER 29, 2026**

## I. BACKGROUND

J.A., currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Specifically, he alleges that his continued and prolonged confinement violates his constitutional rights.[2]

J.A., a citizen and native of the Republic of Haiti, entered the United States of America in the year 2000 as a lawful permanent resident.[3] In 2010, J.A. began what would become a life of criminal activity, which culminated in November 2024 convictions for being a felon in possession of a firearm and ammunition, conspiracy to commit Hobbs Act robbery, Hobbs Act Robbery, brandishing a firearm in

---

1 Doc. 1.
2 *Id.*
3 Doc. 9-2.

furtherance of a crime of violence, and forging money orders.[4] The indictment underlying those convictions asserts that J.A. and others used firearms to rob the home of a known marijuana trafficker in New York State.[5]

Those convictions led the Government to seek J.A.'s removal from the United States of America as an individual who had been convicted of an aggravated felony.[6] On April 22, 2025, J.A. was arrested by ICE and has remained in ICE custody since that date.[7] J.A. is currently detained at the Clinton County Correctional Facility, located within the Middle District of Pennsylvania.[8]

In September of 2026 J.A. filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[9] He avers that his detention is unconstitutionally prolonged, and he is entitled to release from custody or, alternatively, a bond hearing at which the Government bears the burden of proof.[10] The Government responds that J.A. is subject to mandatory detention and he is not entitled to a bond hearing under 8 U.S.C. § 1226(c).[11] Respondents further contend that J.A.'s duration of detention without a bond hearing has not become unconstitutionally excessive.[12]

---

4 Doc. 9-3 at 3-4. *See* Doc. 9-2 at 4.
5 Doc. 9-3 at 11-13.
6 Doc. 9-2 at 4.
7 Doc. 1 at 10; Doc. 9-2 at 3.
8 Doc. 1 at 10.
9 *See* Doc. 1.
10 *Id.* at 17-33.
11 Doc. 9 at 4-7.
12 *Id.* at 7-16.

J.A. has filed a reply brief, rendering this matter ripe for disposition.[13] For the reasons discussed below, the petition will be granted in part.

## II. DISCUSSION

J.A. brings his claim pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[14] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[15] J.A.'s claim is therefore properly brought in this petition.

Respondents argue that J.A. is properly detained pursuant to 8 U.S.C. § 1226(c) as he has previously been convicted of a qualifying offense,[16] a proposition that J.A. does not dispute.[17] However, the United States Court of Appeals for the Third Circuit has held that, even under this mandatory detention scheme, "'when detention becomes unreasonable, the Due Process Clause demands a hearing.'"[18]

---

13 Doc. 12.
14 28 U.S.C. § 2241(c)(2).
15 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
16 Doc. 9 at 6-7.
17 *See* Doc. 1.
18 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)).

"Reasonableness is a 'highly fact-specific' inquiry," and the Third Circuit has provided four factors that courts should examine in considering the reasonableness of an individual's detention.[19] Those factors include: (1) the "duration of detention"; (2) "whether the detention is likely to continue"; (3) "the reasons for the delay"; and (4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[20] If detention has become unreasonably lengthy, an individual is "entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing more crimes," at which "the Government bears the burden of proof . . . to justify detention by clear and convincing evidence."[21]

Applying those factors here, J.A. has been detained since April 22, 2025—approximately eighteen months.[22] "Courts routinely find detention excessive after similar or shorter durations."[23] Furthermore, J.A.'s detention is likely to continue for the foreseeable future, as his appeal of his removal order remains pending before the Board of Immigration Appeals ("BIA"),[24] and the BIA "currently faces a massive

---

19 *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)).

20 *Id.* at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478 (brackets omitted)).

21 *Id.* at 213.

22 Both parties tie J.A.'s constitutional rights to his total length of detention, and the Court therefore analyzes the case under that rubric. *See* Doc. 9 at 7.

23 *Sheriff v. Warden of FCI-Lewisburg Det. Ctr.*, No. 4:26-CV-02213, 2026 WL 2924481, at *2 (M.D. Pa. Sept. 29, 2026) (citing *W.A.C. v. Rokosky*, 836 F. Supp. 3d 577, 586 (D.N.J. 2026); *Michelin v. Oddo*, No. 3:23-CV-22, 2023 WL 5044929, at *6 (W.D. Pa. Aug. 8, 2023); *Alvarado v. Soto*, No. CV 26-1032 (MAS), 2026 WL 2349924, at *4 (D.N.J. Aug. 13, 2026)).

24 Doc. 9 at 3.

backlog, with 282,434 appeals pending at last report."[25] Moreover, once that appeal is concluded, J.A. "has the right to appeal such a decision to the Third Circuit, which would extend his detention even further, with no definite end point."[26]

The third factor, reasons for any delay, is neutral. The record does not indicate that "either party made careless or bad-faith 'errors in the proceedings that caused unnecessary delay,'"[27] and therefore "this factor does not favor either side."[28]

The fourth factor, whether conditions of confinement are meaningfully different from criminal punishment, weighs in J.A.'s favor. In considering this factor, if an individual's confinement "looks penal, that tilts the scales toward finding the detention unreasonable."[29] J.A. is confined at the Clinton County Correctional Facility, a county jail. Despite its civil label, J.A. is being confined in a penal facility, and Respondents present no argument that his detention is different from criminal punishment in any meaningful way.[30] This factor therefore weighs in J.A.'s favor.

Balancing the relevant factors demonstrates that J.A.'s detention has become unconstitutionally prolonged, and his due process rights have been violated.

---

[25] *Carmona Leyva v. Sage*, No. 4:26-CV-01986, 2026 WL 2408332, at *3 (M.D. Pa. Aug. 6, 2026), *report and recommendation adopted*, No. 4:26-CV-01986, 2026 WL 2411130 (M.D. Pa. Aug. 14, 2026).

[26] *Id.*

[27] *German Santos*, 965 F.3d at 211 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011) (brackets omitted)).

[28] *Id.* at 212.

[29] *Id.* at 211.

[30] *See* Doc. 9.

Although J.A. requests release from custody, precedent from the Third Circuit is clear that a bond hearing is the appropriate remedy at which "the Government must put forth clear and convincing evidence that continued detention is necessary."[31] Moreover, the Court is of the view that an immigration judge is in the best position to determine whether bond is appropriate, particularly given J.A.'s criminal history, and this Court will not hold the bond hearing itself. Accordingly, J.A.'s petition will be granted, but only to the extent that the Government will be required to provide J.A. with a bond hearing at which the Government must demonstrate by clear and convincing evidence that J.A. presents a danger or a flight risk.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated J.A.'s due process rights. Consequently, his petition will be granted, and the Government will be required to provide J.A. with a bond hearing or release him from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

31 *German Santos*, 965 F.3d at 213.